# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**TOBY J. ALDRIDGE,**

    Plaintiff,

v.                                                                        Case No. 8:08-cv-2034-T-30EAJ

**JOHN E. POTTER, POSTMASTER**
**GENERAL, UNITED STATES POSTAL**
**SERVICE,**

    Defendant.
_____/

## ORDER

THIS CAUSE comes before the Court upon Defendant's Motion to Dismiss Complaint (Dkt. 4) and Plaintiff's Memorandum in Opposition to the same (Dkt. 5). The Court, having reviewed Motion, Memorandum, and supporting documentation, and being otherwise fully advised in the premises, determines the motion should be granted.

### Background

Plaintiff Toby J. Aldridge claims Defendant John E. Potter, as Postmaster General of the United States Postal Service (the "USPS" or "Defendant") discriminated against him on the basis of physical handicap and age in violation of 42 U.S.C. § 2000e. According to Plaintiff, he filed a timely charge of age and disability discrimination with the USPS, for which he was issued a Final Agency Decision on July 14, 2008. Because the instant Complaint was filed within ninety (90) days of the Final Agency Decision, Plaintiff argues

he has complied with all the administrative and jurisdictional prerequisites to maintaining this action.[1]

Defendant argues Plaintiff filed a Notice of Appeal/Petition to the Equal Employment Opportunity Commission ("EEOC") on September 24, 2008. Defendant has attached a copy of the Notice of Appeal/Petition to its Motion to Dismiss. See Exhibit C to Motion to Dismiss at Dkt. 4-4. The document contains a handwritten signature of "Toby J. Adlridge" and a handwritten date of "9/23/08." The top of the document is entitled "NOTICE OF APPEAL/PETITION TO THE EQUAL EMPLOYMENT OPPORTUNITY COMMISSION," followed by the address: "OFFICE OF FEDERAL OPERATIONS, P.O. Box 19848, Washington, DC 20036."

Defendant claims Plaintiff did not wait for either the EEOC to rule on his appeal or for 180 days to run as required by 42 U.S.C. § 2000e-16(c) prior to filing his Complaint with this Court. As a result, Defendant argues Plaintiff's Complaint should be dismissed for failure to exhaust administrative remedies.

Plaintiff raises several arguments regarding the Notice of Appeal/Petition. First, Plaintiff argues the Notice of Appeal/Petition was untimely in that it was not filed within thirty (30) days of Plaintiff's receipt of the Final Agency Decision. Plaintiff has filed a letter drafted by EEO Services Analyst Kelly D. Lewis and addressed to Robert J. Barnhart, Director of the Compliance and Control Division. In the letter, dated December 20, 2008,

---

[1]Plaintiff filed his Complaint in the instant action on October 10, 2008.

Lewis states, based on her review of the appeal, that "it would appear the appeal is untimely and should be dismissed."

Further, Plaintiff claims he never sent anything to Washington D.C. in connection with his EEOC charge. Defendant has acknowledged in a Notice to the Court that Plaintiff "may have filed the Notice of Appeal/Petition to the Equal Employment Commission with the wrong agency." (Dkt. 6). Counsel for Defendant has further acknowledged that he has been unable to confirm when the Office of Federal Operations ("OFO") received Plaintiff's Complaint. (Dkt. 7). Counsel for Defendant recognizes the possibility that Plaintiff did not file the Notice of Appeal with the OFO, even if the address appears at the top of the appeal form.

On or about February 12, 2009, Plaintiff's counsel received an undated letter from Carlton M. Hadden, Director of the Office of Federal Operations. In the letter, Mr. Hadden indicates that Plaintiff's appeal is being closed because Plaintiff filed the instant action. Mr. Hadden goes on to cite 29 C.F.R. § 1614.409, which provides that the filing of a civil action "shall terminate Commission processing of the appeal."

Defendant has moved for dismissal of Plaintiff's Complaint. Defendant argues Plaintiff has failed to exhaust administrative remedies and cooperate in good faith with the appeals process.

## **Motion to Dismiss Standard Under 12(b)(1)**

At issue is this Court's subject matter jurisdiction over Plaintiff's claims. Attacks on subject matter jurisdiction under Fed.R.Civ.P. 12(b)(1) come in two forms. *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990). "Facial attacks" on the complaint "require the court to merely look and see if the plaintiff has sufficiently alleged a basis of subject matter jurisdiction, and the allegations in the complaint are taken as true for the purposes of the motion." *Id.* at 1529. "Factual attacks," on the other hand, challenge "the existence of subject matter jurisdiction in fact, irrespective of the pleadings, and matters outside the pleadings, such as testimony and affidavits, are considered." *Id.*

These two forms of attack differ substantially. "On a facial attack, a plaintiff is afforded safeguards similar to those provided in opposing a Rule 12(b)(6) motion - the court must consider the allegations of the complaint to be true." *Id.* at 1529. "But when the attack is factual, the trial court may proceed as it never could under 12(b)(6) or Fed.R.Civ.P. 56. At issue in a factual 12(b)(1) motion is the trial court's jurisdiction - its very power to hear the case - there is substantial authority that the trial court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* "In short, no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims." *Id.* As Defendant's attack is factual in nature, the Court may consider the evidence in the record in determining whether it has jurisdiction over Plaintiff's claims.

## Discussion

A federal employee is required to exhaust an administrative process prior to filing a civil complaint in federal court. Brown v. Snow, 440 F.3d 1259, 1262 (11th Cir. 2006). First, the employee is required to file a formal complaint with the agency that allegedly discriminated against him or her. Id.; 29 C.F.R. § 1614.106(a). Within ninety (90) days of receipt of the final action from the agency, the employee may file a civil action in federal district court. 29 C.F.R. § 1614.407(a). Alternatively, the employee may appeal the agency decision to the EEOC. Brown, 440 F.3d at 1263. If the employee files an appeal and the EEOC does not issue a decision within 180 days, the employee may file a complaint in federal district court. Id.; 29 C.F.R. § 1614.407(d). The filing of a civil action terminates the EEOC's processing of an appeal, and the parties are requested to notify the EEOC in writing if a civil action is filed. 29 C.F.R. § 1614.409.

In Brown, the Eleventh Circuit recognized that

> [a]lthough the 180-day waiting period is part of the administrative process that must be exhausted before filing suit in a federal district court, it is unclear whether a premature filing of a complaint deprives a district court of subject matter jurisdiction. Although our case law establishes that "[a] federal employee must pursue and exhaust her administrative remedies as a jurisdictional prerequisite to filing a Title VII action," *Crawford v. Babbitt,* 186 F.3d 1322, 1326 (11th Cir.1999), we have not addressed whether prematurely filing a complaint is, by itself, a failure to exhaust administrative remedies.

Id. at 1263. Noting that the purpose of the exhaustion requirement is to give the agency the information it needs to resolve the dispute, the court went on to consider whether "the

complainant made a good faith effort to comply with the regulations and, particularly, to provide all the relevant, specific information available to him or her." Id. (additional citations omitted).

In Brown, the court reviewed the record and determined that the evidence did not establish that the claimant's premature filing evidenced a refusal to cooperate in good faith despite the fact that the claimant had filed his complaint in district court 35 days early. Id. at 1264. The EEOC was not notified of the claimant's complaint and did not terminate its investigation before the 180 day period had elapsed. Id. After determining that the claimant had acted in good faith, the court affirmed the district court's refusal to dismiss the complaint for failure to exhaust administrative remedies.

Here, Plaintiff's counsel claims he was unaware of the Notice of Appeal/Petition at the time he filed suit on Plaintiff's behalf. Plaintiff claims that he did not send the document to Washington D.C.[2] Counsel for the USPS has been unable to identify where the document came from. Moreover, it appears the appeal was not timely filed and the EEOC has closed Plaintiff's appeal file. Under these circumstances, the Court does not consider Plaintiff's conduct to be bad faith refusal to cooperate with the EEOC. Accordingly, Defendant's motion to dismiss for failure to exhaust administrative remedies will be denied.

---

[2]Plaintiff has not, however, denied that he completed and signed the Notice of Appeal/Petition form.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Complaint (Dkt. 4) is **DENIED**.

**DONE** and **ORDERED** in Tampa, Florida on April 17, 2009.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Even\2008\08-cv-2034.mtd.frm